UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| DESIRE SAUCEDO,<br>Plaintiff,<br>v.<br>CALIFORNIA FINE WINE & SPIRITS LLC, et al.,<br>Defendants. | Case No. 26-cv-00318-EMC<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION**<br><br>Docket No. 40 |

Plaintiff filed this case against her former employer, California Fine Wines & Spirits LLC d/b/a Total Wine & More ("Total Wine") and former supervisor, Diana Montalvo. On August 13, 2026, the Court granted Defendant Total Wine's motion to compel arbitration. Dkt. No. 33. Defendant Diana Montalvo has not yet been served. On July 21, 2026, Plaintiff filed a Motion for Service by Publication on Defendant Montalvo. Dkt. No. 25. On August 13, 2026, the Court held that Plaintiff had not shown diligence sufficient to justify service by publication but invited Plaintiff to submit a supplemental brief providing further details on her diligence. Dkt. No. 33. The Court now has before it Plaintiff's updated Motion for Service by Publication. Dkt. No. 40.

Following the August 13, 2026 hearing, Plaintiff took additional steps to locate and serve Defendant Montalvo, including pulling a "PeopleMap" report, calling phone numbers from that report, hiring an investigator, conducting a vehicle registration inquiry, and speaking with a neighbor who did not know if anyone lived at the address Plaintiff has attempted to serve. Dkt. No. 41 ¶¶ 10–12. These additional steps, however, do not demonstrate to the Court there is a good reason to believe Defendant Diana Montalvo resides at the Madeline Vine Lane address.

First, there is a question whether there is a Diana Montalvo that resides at that address. While Plaintiff cites reliance on the PeopleMap report, there is no real corroboration that someone named Diana Montalvo lives there. No neighbors have so confirmed even though Plaintiff hired a private investigator. While vehicle registration indicates that a car parked at the address is registered to Thomas P. Christensten, who appears to be married to Diana Christensen, there is no corroboration that Diana Christensen is Diana Montalvo. And even if Plaintiffs established that there is a Diana Montalvo that resides there, the name "Diana Montalvo" is not uncommon, and Plaintiff has not shown any evidence that the Diana Montalvo who assertedly lives in Knoxville, Tennessee is the same Diana Montalvo who used to work at Total Wine in Pleasant Hill, California. For this reason, the Motion for Service by Publication is **DENIED** without prejudice.

The Court notes that Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because Plaintiff appears to have continued to attempt to locate Defendant Montalvo, the Court extends the deadline for service to 30 days after entry of this order. If Plaintiff fails to properly serve Defendant Montalvo or demonstrate sufficient diligence to justify service by publication, the Court will dismiss the action against Defendant Montalvo without prejudice.

The Court also notes that Section 415.50 of the California Code of Civil Procedure, which governs service by publication in the state, requires Plaintiff to submit "an affidavit to show a cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." *Gabriel v. Blockas.com*, 2024 WL 3585110, at *2 (N.D. Cal. July 30, 2024) (Chen, J.). A complaint, by itself, does not satisfy this requirement, *Olvera v. Olvera*, 232 Cal. App. 3d 32, 42 n.9 (1991), and nor does counsel's declaration attesting to the efforts taken to locate and serve the defendant, *Cummings v. Hale*, 2016 WL 4762208, at *2 (N.D.

United States District Court
Northern District of California

Cal. Sep. 13, 2016). If Plaintiff moves for service by publication in the future, she must include an affidavit establishing that a cause of action exists against Defendant Montalvo or that Defendant Montalvo is a necessary or proper party.

**IT IS SO ORDERED**.

Dated: October 20, 2026



EDWARD M. CHEN
United States District Judge